UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| Tower Automotive, Inc., <u>et al.</u>, | : | |
| | : | Case No. 05-10578 (ALG) |
| Debtors. | : | Jointly Administered |

**ORDER, PURSUANT TO SECTIONS 105(a) AND 363(b)(1) OF THE BANKRUPTCY CODE, APPROVING AND AUTHORIZING (I) THE DEBTORS' ANNUAL INCENTIVE PLAN WITH RESPECT TO CERTAIN SENIOR EXECUTIVES; (II) A KEY EMPLOYEE RETENTION PROGRAM; AND (III) CERTAIN OF THE DEBTORS' PREPETITION SEVERANCE OBLIGATIONS**

Upon the motion, dated March 18, 2005 (the "Motion") of Tower Automotive, Inc. and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), for an order, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code,[1] authorizing and approving (i) the Debtors' Annual Incentive Plan with respect to certain Senior Executives; (ii) the Retention Program for certain Key Employees; and (iii) certain of the Debtors' prepetition severance obligations; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due and proper notice of the Motion having been given, and it appearing that no other or further notice need be provided; and the Court having determined that including the Senior Executives in the Annual Incentive Plan, enacting the Retention Program, and honoring the prepetition severance obligations represents a sound exercise of the Debtors' business judgment and is necessary and in the best interests of the Debtors' estates, creditors and other parties; and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

**the Creditors Committee having consented to the entry of this order and no objections having been filed; and** after due deliberation and sufficient cause appearing therefor, it is

ORDERED that, except as modified by the terms of this Order, the Motion is granted; ~~in its entirety;~~ and it is further

ORDERED that the Annual Incentive Plan with respect to the Senior Executives, is authorized and approved and the Debtors are authorized to take all actions necessary to fully implement and carry out the Annual Incentive Plan as described in the Motion; and it is further

ORDERED that the Retention Program is authorized and approved and the Debtors are authorized to take all actions necessary to fully implement and carry out the Retention Program as described in the Motion; and it is further

ORDERED that the Debtors are hereby authorized to honor the severance obligations for the Key Employees, the Long-Term Employees and the Former Executive, each as described in the Motion; and it is further

ORDERED that for purposes of the Debtors honoring their severance obligations in the event of a "Change of Control", the definition of a "Change in Control" set forth in the CIC Agreements shall apply, subject to the following modifications: (i) a "Change In Control" shall not mean either the commencement of these chapter 11 cases, or the Debtors' emergence from these chapter 11 cases pursuant to a plan of reorganization, which includes a recomposition of the Debtors' board of directors; (ii) it shall constitute a "Change of Control" if any person is or becomes the beneficial owner directly or indirectly, of securities of the Debtors representing more than twenty percent (20%) or more of the combined voting power of the Debtors' then outstanding voting securities and that person controls the management of the Debtors or causes

any material change in the composition of the Continuing Directors of the Debtors; and it is further

ORDERED that to the extent that the employment agreements, offer letters or other forms of understanding between the Debtors and their employees or former employees may constitute executory contracts, the Debtors are not assuming any obligations with respect thereto pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that any obligations of the Debtors under or in connection with each of the Annual Incentive Plan, the Retention Program, and the severance obligations shall be deemed allowed administrative expense claims entitled to priority of payment pursuant to sections 503(b)(1)(A) and 507(a)(1) of the Bankruptcy Code; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

Dated: March 30, 2005

*/s/ Allan L. Gropper*
UNITED STATES BANKRUPTCY JUDGE