UNITED STATES BANKRUPTCY COURT
SOUTHERN  DISTRICT OF NEW YORK

---------------------------------------------------------x

In re:

Tower Automotive, Inc.                                        Chapter 11

     Debtors.                                        Case No. 05-10578

---------------------------------------------------------x

## STATEMENT OF FINANCIAL AFFAIRS

**Note 1:** The Schedules and Statements have been prepared by the Debtor's management and are unaudited. While management of the Debtor has made every effort to ensure that the Schedules and Statements are accurate and complete based on information that was
available at the time of preparation, the subsequent receipt of information may result in material changes in financial data contained in the Schedules and Statements and inadvertent errors or omissions may exist. To the extent the Debtor discovers additional
information that may suggest a material difference, the Debtor will amend the Schedules and Statements to reflect such changes. Accordingly, the Debtor reserves all rights to amend its Schedules and Statements as may be necessary or appropriate.

**Note 2:** Unless otherwise indicated, all amounts are listed as of February 2, 2005 (the "Petition Date"), the date that the Debtor commenced its chapter 11 case.

**Note 3:** It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the Debtor's property interests. Accordingly, unless otherwise indicated, net book values, rather than current market values, of the Debtor's interests in property are reflected on the Debtor's Schedules.

**Note 4:** The claims of individual creditors for, among other things, goods, products, services or taxes are listed as the amounts entered on the Debtor's books and records and do not reflect credits or allowances due from such creditors to the Debtor. The Debtor reserves all of its rights respecting such credits and allowances.

UNITED STATES BANKRUPTCY COURT
SOUTHERN  DISTRICT OF NEW YORK

In re: Tower Automotive, Inc.
Case No. 05-10578

## 1.  Income from Employment or Operation of Business

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None  ☑

| AMOUNT | SOURCE | PERIOD |
|--------|--------|--------|
|        |        |        |

UNITED STATES BANKRUPTCY COURT
SOUTHERN  DISTRICT OF NEW YORK

In re: Tower Automotive, Inc.
Case No. 05-10578

## 2.  Income Other than from Employment or Operation of Business

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☐

| Period | SOURCE | Amount |
|---|---|---|
| | | |
| 1/1/05- 2/1/05 | International Currency Exchange Gain | - |
| | Interest Income | - |
| | Third Party Royalty Income | - |
| | Metalsa Tech Fees | - |
| | TGR Dividends | - |
| | Other Income | - |
| | **Total** | $           **-** |
| | | |
| 2004 | International Currency Exchange Gain | - |
| | Interest Income | - |
| | Third Party Royalty Income | - |
| | Metalsa Tech Fees | - |
| | TGR Dividends | - |
| | Other Income | - |
| | Gain on sale of investment of Yorozu | - |
| | **Total** | $           **-** |
| | | |
| 2003 | International Currency Exchange Gain | - |
| | Interest Income | 270,088 |
| | Metalsa Tech Fees | - |
| | TGR Dividends | - |
| | Third Party Royalty Income | - |
| | Other Income | - |
| | **Total** | $           **270,088** |

UNITED STATES BANKRUPTCY COURT
SOUTHERN  DISTRICT OF NEW YORK

In re: Tower Automotive, Inc.
Case No. 05-10578

## 3.  Payments to Creditors

a.  List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None  ☑

| NAME  OF CREDITOR | ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | TOTAL | $          - | $          - |

UNITED STATES BANKRUPTCY COURT
SOUTHERN  DISTRICT OF NEW YORK

In re: Tower Automotive, Inc.
Case No. 05-10578

## 3.  Payments to Creditors

b.
List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses

None ☑

| NAME | ADDRESS | TITLE | DATE OF PAYMENT | TYPE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|------|---------|-------|-----------------|-----------------|-------------|--------------------|
|      |         |       |                 |                 |             |                    |
|      |         |       |                 |                 |             |                    |
|      |         |       |          TOTAL  | $            -  | $        -  |                    |

UNITED STATES BANKRUPTCY COURT
SOUTHERN  DISTRICT OF NEW YORK

In re: Tower Automotive, Inc.
Case No. 05-10578

## 4.  Suits, Executions, Garnishments and Attachments

a.  List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None    ☐

| Caption of Suit and Case Number | Nature of Proceeding | Court or Agency and Location | Status or Disposition |
|---|---|---|---|
| Gary Bouche, Administrator of the Estate of Robert Bouche, Deceased v R. P. Sweeney Warehouse and Robert P. Sweeney and Shane Randol and Tower Automotive, Inc. and Tower Automotive Wisconsin, LLC and Tower Automotive Case No.: 04CV0, 517 | Personal injury/indemnification. | Seneca County, Court of Common Pleas (Ohio) | Open |
| Tower Automotive, Inc. v Michigan State Tax Commission and Wayne Co. | Refund of tax payments. | Michigan Tax Tribunal | Open |
| Tower Automotive, Inc. v Dombrowski

Case No. 01-669-CK | Collection action. | Macomb County Circuit Ct (Michigan) | Open |
| Tower Automotive, Inc. v Shape Corp.

Case No.: 04-48815-CK | Breach of contract. | Ottawa County Circuit Court (MI) | Open |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re: Tower Automotive, Inc.
Case No. 05-10578

## 4. Suits, Executions, Garnishments and Attachments

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None    ☐

| Caption of Suit and Case Number | Nature of Proceeding | Court or Agency and Location | Status or Disposition |
|---|---|---|---|
| Shape Corp. v. Tower Automotive, Inc. | Counter-claim for breach of contract. | Ottawa County Circuit Court (MI) | Open |
| Rick L. Lilly v Tower Automotive, Inc.<br><br>Case No.: 0501CT001 | Personal injury. | DeKalb County Superior Court (IN) | Open |
| Central Transport Int'l v. Pain Enterprises, Inc. and Tower Automotive, Inc.<br><br>Case No. 04cv0641 | Collections action. | Allen County Court of Common Pleas (OH) | Closed |
| Converge Inc. v. Juili Enterprise Co., Ltd., Tower Automotive, Inc., Tesma Automotive Group, Inc. | Injunction. | Kent County Circuit Court (MI) | Closed |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re: Tower Automotive, Inc.
Case No. 05-10578

## 4.  Suits, Executions, Garnishments and Attachments

a.  List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☐

| Caption of Suit and Case Number | Nature of Proceeding | Court or Agency and Location | Status or Disposition |
|---|---|---|---|
| Edgar Douglas Jr., on behalf of himself and all other similarly situated v. A.O. Smith Corporation, Tower Automotive Products Company, Inc., Tower Automotive Milwaukee LLC, Tower Automotive, Inc., and R.J. Tower Corporation  Case No. 03c1490 | Class action concerning early retirement supplements. | U.S.D.C.E.D. WI | Closed-entered tolling agreement. |
| Karen Cathleen Hahn v. Tower Automotive, Inc.  Case No. 02-002029-NZ | Sexual harassment/discrimination. | Huron County Circuit Court (MI) | Closed |
| Jim and Kayren Campbell v. Tower Automotive, Inc.  Case No. 03-23088-NZ | Breach of contract/discrimination. | Grand Traverse County Circuit Court (MI) | Closed |

UNITED STATES BANKRUPTCY COURT
SOUTHERN  DISTRICT OF NEW YORK

In re: Tower Automotive, Inc.
Case No. 05-10578

## 4.  Suits, Executions, Garnishments and Attachments

a.  List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None    ☐

| Caption of Suit and Case Number | Nature of Proceeding | Court or Agency and Location | Status or Disposition |
|---|---|---|---|
| David M. Blank, Sylvester Obremski, James P. Shipley, Otha L. Smith, Jr., and Terry S. Vick v Tower Automotive Products Co., Inc. Tower Automotive Milwaukee, LLC and Tower Automotive, Inc.<br><br>Case No. 02-C-1073 | Breach of contract. | U.S.D.C.E.D. Wisconsin | Open |
| Raymond P. Sieders v. Tower Automotive, Inc. f/k/a Active Tool & Manufacturing Co., Inc. a/k/a Active Metalforming Technologies, Inc., a Delaware corporation<br><br>Case No.:  03-4683-CZ | Handicap discrimination. | Macomb County Circuit Court (Michigan) | Open |
| Wells, Monica R. and Laura K. Creager v. Tower Automotive Inc.<br><br><br><br>Case No. 1:04-CV-067 | Gender discrimination. | U.S.D.C. N.D. of Indiana | Open |

UNITED STATES BANKRUPTCY COURT
SOUTHERN  DISTRICT OF NEW YORK

In re: Tower Automotive, Inc.
Case No. 05-10578

## 4.  Suits, Executions, Garnishments and Attachments

a.  List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☐

| Caption of Suit and Case Number | Nature of Proceeding | Court or Agency and Location | Status or Disposition |
|---|---|---|---|
| Button, James R. v Tower Automotive, Inc.  Case No. 04-60109 | Breach of contract. | U.S.D.C.E.D. Michigan | Open |
| James W. Arnold v Tower Automotive  Case No.:  04-72594 | Breach of contract. | U.S.D.C.E.D. Michigan | Open |
| Tower Automotive Products Company, Inc., Tower Automotive Milwaukee, L.L.C., Tower Automotive, Inc., and R.J. Tower Corporation vs. Tommy Burress, et al.  Case No. 04-C-1098 | Breach of contract. | U.S.D.C.E.D. Wisconsin | Open |

UNITED STATES BANKRUPTCY COURT
SOUTHERN  DISTRICT OF NEW YORK

In re: Tower Automotive, Inc.
Case No. 05-10578

## 4.  Suits, Executions, Garnishments and Attachments

a.  List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None   ☐

| Caption of Suit and Case Number | Nature of Proceeding | Court or Agency and Location | Status or Disposition |
|---|---|---|---|
| Tower Automotive, Inc. v Oxford Automotive, Inc., Jeffrey W. Wilson, John Craig, and Daniel McCleary Case No. 03-5200-CK | Breach of contract. | Macomb County Circuit Court (Michigan) | Closed |
| Yong harden v. Clarklift of Detroit, Inc. d/b/a Clarklift of Detroit-South and Clarklift of Detroit, Inc., d/b/a Clarklift of Detroit-South v. Dura Automotive Systems, Inc. | Breach of contract | Wayne County Circuit Court (Michigan) | Closed |
| Fabristeel Products v. Genfast Manufacturing | Patent Infringement | No suit filed. | Debtor has been informed that settlement agreement was reached, but has not received information. |
| Various | Claims against insurance policies. | No suit filed. Claims made regarding employees in Ohio. | Open. |
| Broadcast Music Inc. | Copyright infringement. | No suit filed. | Open. |
| Copyright Clearance Center | Copyright infringement. | No suit filed. | Open. |
| Ken Clavette | Breach of Contract. | No suit filed. | Closed. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN  DISTRICT OF NEW YORK

In re: Tower Automotive, Inc.
Case No. 05-10578

## 4.  Suits, Executions, Garnishments and Attachments

a.  List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None  ☐

| Caption of Suit and Case Number | Nature of Proceeding | Court or Agency and Location | Status or Disposition |
|---|---|---|---|
| Epperson, Fred v Ford Motor Company Case No. 02-L-1576 | Personal injury | Madison County Circuit Ct (Illinois) | Open. |
| Shape Corporation | Patent Infringement | No suit filed | Open. |
| Hardev Kumar v. Tower Automotive | Breach of contract | Ontario Labor Relations Board | Open. |
| Lumberman's Mutual Casualty Company | Invoice for insurance premiums | No suit filed | Open. |
| Brian Goodchild | Compensation dispute. | No suit filed | Open. |
| Edward Sullivan | Personal injury | No suit filed | Open. |
| MIOSHA | Various MIOSHA violations | MIOSHA | Open. |
| Unnamed Claimant | One Day Rest in Seven Act | | Open. |
| Lemelson Medical, Education & Research Foundation Limited Partnership | Patent Infringement | No suit filed | Open. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN  DISTRICT OF NEW YORK

In re: Tower Automotive, Inc.
Case No. 05-10578

## 4.  Suits, Executions, Garnishments and Attachments

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None   ☑

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
|  |  |  |

UNITED STATES BANKRUPTCY COURT
SOUTHERN  DISTRICT OF NEW YORK

In re: Tower Automotive, Inc.
Case No. 05-10578

## 5.  Repossession, Foreclosures and Returns

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu
of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.
(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both
spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE, SALE, TRANSFER, OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
|  |  |  |

UNITED STATES BANKRUPTCY COURT
SOUTHERN  DISTRICT OF NEW YORK

In re: Tower Automotive, Inc.
Case No. 05-10578

## 6.  Assignments and Receiverships

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None  ☑

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|
|  |  |  |

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None  ☑

| NAME AND ADDRESSES OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE AND NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
|  |  |  |  |

UNITED STATES BANKRUPTCY COURT
SOUTHERN  DISTRICT OF NEW YORK

In re: Tower Automotive, Inc.
Case No. 05-10578

## 7.  Gifts

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None  ☑

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  | TOTAL | $                    - |

UNITED STATES BANKRUPTCY COURT
SOUTHERN  DISTRICT OF NEW YORK

In re: Tower Automotive, Inc.
Case No. 05-10578

## 8.  Losses

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND IF LOSS WAS RECOVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|
|  |  |  |
|  |  |  |
|  | TOTAL                                   $              - |  |

UNITED STATES BANKRUPTCY COURT
SOUTHERN  DISTRICT OF NEW YORK

In re: Tower Automotive, Inc.
Case No. 05-10578

## 9.  Payments Related to Debt Counseling or Bankruptcy

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY | |
|---|---|---|---|
| Citigroup Global Markets | 1/31/2005 | $ | 125,659.23 |
| FTI Consulting, Inc. | 1/18/2005 1/25/2005 2/1/1005 Total | $  $ | 250,000.00 227,358.50 353,920.50 831,279.00 |
| Gavin Anderson & Company | 1/19/2005 2/1/2005 Total | $  $ | 50,000.00 50,000.00 100,000.00 |
| Hewitt Associates | 1/31/2005 | $ | 214,717.00 |
| JP Morgan Chase Bank | 1/25/2005 | $ | 400,000.00 |
| Kirkland & Ellis LLP | Various | $ | 742,815.96 |
| Pepper Hamilton LLP | 2/1/2005 | $ | 25,462.82 |
| Rothschild, Inc. | 1/28/2005 | $ | 216,865.00 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN  DISTRICT OF NEW YORK

In re: <u>Tower Automotive, Inc.</u>
Case No. 05-10578

## 9.  Payments Related to Debt Counseling or Bankruptcy

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Togut, Segal & Segal LLP | 2/1/2005 | $                                    100,000.00 |
| | **Total** | **$                              2,756,799.01** |

UNITED STATES BANKRUPTCY COURT
SOUTHERN  DISTRICT OF NEW YORK

In re: <u>Tower Automotive, Inc.</u>
Case No. 05-10578

## 10.  Other Transfers

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
|  |  |  |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re: <u>Tower Automotive, Inc.</u>
Case No. 05-10578

## 11.  Closed Financial Accounts

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.

None ☑

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE |
|---|---|
| | *Name:*<br>*Type:*<br>*Number:*<br>*Balance:*<br>*Date of Closing:* |

UNITED STATES BANKRUPTCY COURT
SOUTHERN  DISTRICT OF NEW YORK

In re: <u>Tower Automotive, Inc.</u>
Case No. 05-10578

## 12.  Safe Deposit Boxes

☑
None

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESSES OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|
|  |  |  |  |

UNITED STATES BANKRUPTCY COURT
SOUTHERN  DISTRICT OF NEW YORK

In re: Tower Automotive, Inc.
Case No. 05-10578

## 13.  Setoffs

None  ☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|
|  |  |  |

UNITED STATES BANKRUPTCY COURT
SOUTHERN  DISTRICT OF NEW YORK

In re: <u>Tower Automotive, Inc.</u>
Case No. 05-10578

## 14.  Property Held for Another Person

None    ☐            List all property owned by another person that the debtor holds or controls.


In the ordinary course of business and in accordance with industry custom, the Debtor retains a significant number of molds, tooling, dies and other equipment, which are owned by the Debtors' customers.  This customer-owned property is not specifically listed herein.

The Debtor may also be in possession of two other types of property that could be deemed "held for another person."  First, certain raw materials and supplies that are located on the Debtor's plant property may have been delivered by vendors pursuant to consignment agreements.  Such agreements generally set forth the terms and conditions under which the raw materials and supplies are to be used and paid for by the Debtor.  The Debtor generally agrees to pay its vendors if and when raw materials are actually used by the Debtor, as determined by periodic reconciliation of such amounts between such vendors and the Debtor.  Second, in the ordinary course of the Debtor's business, the Debtor sells inventory to its customers, and may hold deposits or advance payments from its customers, and may hold for rework, certain products that have been returned to the Debtor for nonconformity with applicable specifications or warranties.

UNITED STATES BANKRUPTCY COURT
SOUTHERN  DISTRICT OF NEW YORK

In re: Tower Automotive, Inc.
Case No. 05-10578

## 15.  Prior Address of Debtor

None ☐

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATE OF OCCUPANCY |
|---|---|---|
| 5211 Cascade Road SE<br>Grand Rapids, MI 49546 | | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN  DISTRICT OF NEW YORK

In re: <u>Tower Automotive, Inc.</u>
Case No. 05-10578

## 16.  Spouses and Former Spouses

None  ☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the six-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

| NAME |
|------|
|      |

UNITED STATES BANKRUPTCY COURT
SOUTHERN  DISTRICT OF NEW YORK

In re: Tower Automotive, Inc.
Case No. 05-10578

## 17.  Environmental Information

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites. "Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

None ☑

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|
|  |  |  |  |

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None ☑

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|
|  |  |  |  |

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

None ☑

| NAME AND ADDRESS OF GOVERNNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|
|  |  |  |

UNITED STATES BANKRUPTCY COURT
SOUTHERN  DISTRICT OF NEW YORK

In re: <u>Tower Automotive, Inc.</u>
Case No. 05-10578

## 18.  Nature, Location and Name of Business

   a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

   If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case.

☑    If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and
None    beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NO. (EIN) | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES OF OPERATION |
|------|-------------------------|---------|--------------------|----------------------------------------|
|      |                         |         |                    |                                        |

None ☑    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|------|---------|
|      |         |

UNITED STATES BANKRUPTCY COURT
SOUTHERN  DISTRICT OF NEW YORK

In re: Tower Automotive, Inc.
Case No. 05-10578

## 19.  Books, Records and Financial Statements

None ☐    a. List all bookkeepers and accountants who within the two years immediately preceding the filing of this
bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | TITLE | DATES SERVICES RENDERED |
|---|---|---|
| James A. Mallak<br>21275 Haggerty Road<br>Novi, MI 48377 | Chief Financial Officer | 1/5/04-Current |
| Kathy J. Johnston<br>21275 Haggerty Road<br>Novi, MI 48377 | Vice President<br>(principal accounting and financial officer) | 8/13/03-1/5/04 |
| Erenst T. Thomas<br>21275 Haggerty Road<br>Novi, MI 48377 | Chief Financial Officer | 11/1/02-8/13/03 |
| Christopher T. Hatto<br>21275 Haggerty Road<br>Novi, MI 48377 | Controller | 3/1/04-Current |
| Bradley Kirk<br>21275 Haggerty Road<br>Novi, MI 48377 | Controller | 7/9/01-2/28/04 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN  DISTRICT OF NEW YORK

In re: Tower Automotive, Inc.
Case No. 05-10578

## 19.  Books, Records and Financial Statements

None ☐

b. List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME AND ADDRESS | TITLE | DATES SERVICES RENDERED |
|---|---|---|
| Deloitte & Touche LLP<br>Suite 900, 600 Renaissance Center<br>Detroit, MI 48243 | Auditor | 2004-present |
| Deloitte & Touche LLP<br>400 One Financial Plaza, 120 South Sixth<br>Minneapolis, MN 55402 | Auditor | 2003 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN  DISTRICT OF NEW YORK

In re: <u>Tower Automotive, Inc.</u>
Case No. 05-10578

## 19.  Books, Records and Financial Statements

None  ☐

c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|------|---------|
| James A. Mallak | 21275 Haggerty Road<br>Novi, MI 48377 |
| Christopher Hatto | 21275 Haggerty Road<br>Novi, MI 48377 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN  DISTRICT OF NEW YORK

In re: Tower Automotive, Inc.
Case No. 05-10578

## 19.  Books, Records and Financial Statements

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by the debtor.

The Debtors in these jointly administered cases and their non-filing affiliates provide consolidated financial statements in the ordinary course of business, and in compliance with federal securities laws and other regulations, to a large number of parties including financial institutions, investment banks, customers, vendors, attorneys, regulatory agencies and shareholders.  The Debtor in this case also provides statutory individual financial statements in the ordinary course of business, and in compliance with applicable laws and regulations, to various government entities.

UNITED STATES BANKRUPTCY COURT
SOUTHERN  DISTRICT OF NEW YORK

In re: Tower Automotive, Inc.
Case No. 05-10578

## 20.  Inventories

None ☑

    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY |
|---|---|---|
|  |  |  |

None ☑

    b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|
|  |  |

UNITED STATES BANKRUPTCY COURT
SOUTHERN  DISTRICT OF NEW YORK

In re: <u>Tower Automotive, Inc.</u>
Case No. 05-10578

## 21.  Current Partners, Officers, Directors and Shareholders

None  ☑            a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|
|  |  |  |

None  ☐        b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly
              or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| Name and Address | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| Georgia Nelson | Director |  |
| S.A. (Tony) Johnson | Director, Chairman |  |
| Kathleen Ligocki | Director, President, CEO |  |
| F. J. Loughrey | Director |  |
| James Lozelle | Director |  |
| Ali Jenab | Director |  |
| Juergen Geissinger | Director |  |
| Anthony Fernandes | Director |  |
| James Mallak | Treasurer, Chief Financial Officer, Secretary |  |
| Christopher Hatto | VP |  |
| Kathy J. Johnston | VP |  |
| Jeffrey L. Kersten | VP |  |
| Vincent Pairet | VP |  |
| Thomas Werle | VP |  |
| Terry Gohl | VP |  |
| Gyula Meleghy | VP |  |
| Sharon Wenzl | VP |  |
| Bill Pumphrey | VP |  |
| Citigroup Global Markets | Shareholder | 6.5% Common Stock |
| Barclays Global Investors NA | Shareholder | 6.3% Common Stock |
| Dimension Fund Advisors, Inc. | Shareholder | 7.7% Common Stock |
| FMR Corp. | Shareholder | 9.9% Common Stock |
| Strong Capital Management, Inc. | Shareholder | 5.4% Common Stock |
| State of Wisconsin Investment Board | Shareholder | 6.9%  Common Stock (date is uncertain, so this amount might not be accurate as of filing date) |
| Timothy R. Barakett | Shareholder | 7.3% Common Stock |
| Missouri Valley Partners | Shareholder | 6.0% Common Stock |
| Highbridge International LLC | Shareholder | 7.0% Common Stock and convertible debentures |
| Northwestern Mutual Life Insurance Company | Shareholder | 6.1% Common Stock and convertible debentures |

UNITED STATES BANKRUPTCY COURT

SOUTHERN  DISTRICT OF NEW YORK

In re: <u>Tower Automotive, Inc.</u>

Case No. 05-10578

## 22.  Former Partners, Officers, Directors and Shareholders

None ☑

a.  If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|
|  |  |  |

None ☐

b.  If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| Enrique Zambrano | Director | 9/16/2004 |
| Daniel Webber | Asst. Secretary | 9/21/2004 |
| Richard S. Burgess | VP | 7/16/2004 |
| Tommy G. Pitser | VP | 11/12/2004 |
| Antonio R. Zarate | VP | 8/31/2004 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN  DISTRICT OF NEW YORK

In re: Tower Automotive, Inc.
Case No. 05-10578

## 23.  Withdrawals from a Partnership or Distributions by a Corporation

None ☑

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OR PROPERTY |
|---|---|---|
|  |  |  |

UNITED STATES BANKRUPTCY COURT
SOUTHERN  DISTRICT OF NEW YORK

In re: <u>Tower Automotive, Inc.</u>
Case No. 05-10578

## 24.  Tax Consolidation Group

None ☑

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the six-year period immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | FEDERAL TAX ID NUMBER (EIN) | CONSOLIDATED GROUP |
|---|---|---|
|  |  |  |

UNITED STATES BANKRUPTCY COURT
SOUTHERN  DISTRICT OF NEW YORK

In re: <u>Tower Automotive, Inc.</u>
Case No. 05-10578

## 25.  Pension Funds

None ☐

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the six-year period immediately preceding the commencement of the case.

| NAME OF PENSION FUND | FEDERAL TAX ID NUMBER |
|---|---|
| Tower Automotive Money Purchase Plan & Trust | 41-1746238 |

In re: TOWER AUTOMOTIVE, INC. - Debtor          Case No. 05-10578 (ALG)

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION

I, the Chief Financial Officer of the TOWER AUTOMOTIVE, INC. named as debtor in this case, declare under penalty of perjury that I have read the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date:___April 4, 2005_____          Signature _____

                                     Print Name ___James Mallak_____

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. Section 152 and 357