| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | <u>Not For Publication</u> |
| -------------------------------------------------------x<br>In re:<br><br>TOWER AUTOMOTIVE, INC., *et al.*,<br><br>                                      Debtors.<br>-------------------------------------------------------x | CHAPTER 11<br><br>Case No. 05-10578 (ALG)<br>(Jointly Administered) |

**ORDER DENYING STAY PENDING APPEAL**

APPEARANCES

KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022
      By: Richard M. Cieri, Esq.

    - and –

200 East Randolph Drive
Chicago, Illinois 60601
      By: Anup Sathy, Esq.

Attorneys for Debtors and Debtors in Possession

AKIN GUMP STRAUSS HAUER & FELD LLP
Attorneys for the Official Committee of Unsecured Creditors
590 Madison Avenue
New York, New York 10022
      By: Daniel H. Golden, Esq.
          Ira S. Dizengoff, Esq.
          Ariane D. Austin, Esq.
          L. Rachel Helyar, Esq.

PREVIANT, GOLDBERG, UELMEN, GRATZ, MILLER & BRUEGGEMAN, S.C.
Attorneys for the Milwaukee Unions
1555 N. RiverCenter Drive, Ste. 202
P.O. Box 12993
Milwaukee, WI 53212
      By: Marianne Goldstein Robbins, Esq.

JONES DAY
222 East 41st Street
New York, New York 10017
    By: Corinne Ball, Esq.

    - and -

77 West Wacker
Chicago, Illinois 60601
    By: Paul E. Harner, Esq.

Attorneys for the Official Committee of Retired Employees

**ALLAN L. GROPPER**
**UNITED STATES BANKRUPTCY JUDGE**

The Official Committee of Unsecured Creditors (the "Committee") has moved, pursuant to Fed. R. Bankr. P. 8005, for a stay pending appeal of this Court's Order dated May 22, 2006 approving settlement agreements (the "Settlements") between the Debtors and, respectively, the Milwaukee Unions and the Official Committee of Retired Employees (the "Retiree Committee").

Fed. R. Bankr. P. 8005 governs a motion for a stay pending appeal and provides, in relevant part:

> A motion for the stay of the ... order ... of a bankruptcy judge ... must ordinarily be presented to the bankruptcy judge in the first instance .... A motion for such relief ... may be made to the district court ..., but the motion shall show why the relief ... was not obtained from the bankruptcy judge. The district court ... may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court.

A court can grant a stay only if the moving party has satisfied each of the following requirements: (i) the appeal has a substantial possibility of success on the merits; (ii) the appellant will suffer irreparable injury if the stay is denied; (iii) no party will suffer substantial injury if the stay is granted; and (iv) the public

interest will not be adversely affected by the stay. *Hirschfeld v. Board of Elections*, 984 F.2d 35, 39 (2d Cir. 1993); *In re Adelphia Communications Corp.*, 333 B.R. 649, 659 (S.D.N.Y. 2005); *In re Turner*, 207 B.R. 373, 375 (S.D.N.Y. 1997). The moving party carries a "heavy burden" in that "all four criteria must be satisfied to some extent before a stay is granted." *Adelphia Communications Corp.*, 333 B.R. at 659 (citations omitted); see also *In re 1567 Broadway Ownership Assocs.*, 202 B.R. 549, 553 (S.D.N.Y. 1996) ("Failure to satisfy any one of these criteria is fatal ...").

The Committee's motion for a stay fails to satisfy any of the criteria set forth above.

**(i) Possibility of success**

In support of its position that it is likely to prevail on appeal, the Committee repeats the same arguments it made in its objection to the Settlements, namely, (i) that the Settlements violate the principle that similarly situated creditors should receive equal treatment, (ii) the Settlements unfairly discriminate in favor of the retirees, (iii) the Settlements impermissibly dictate the terms of a future plan, and (iv) the Settlements fail to satisfy the requirements of Fed. R. Bankr. P. 9019. The Committee's contentions are fully dealt with in the Court's opinion dated May 19, 2006 (the "Opinion"). The Committee simply continues to demonstrate its fundamental misunderstanding of 11 U.S.C. § 1114, and the fact that retirees are not situated similarly to general unsecured creditors. Moreover, the Committee fails to acknowledge that the appeal is from the approval of a compromise, which 11 U.S.C. § 1114 was designed to foster. Since a

3

"bankruptcy court is in the best position ... to determine whether a compromise is in the best interest of the estate and is fair and equitable," the Committee will have to show on appeal that approval of the Settlements was "manifestly erroneous and a clear abuse of discretion." *In re Purofied Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993) (citations omitted). The Committee does not even try to demonstrate that it can satisfy this burden.

### (ii) Irreparable injury to the appellant

The second requirement for obtaining a stay pending appeal is that the appellant suffer irreparable injury if the stay is denied. All the Committee can say on this point is that if it did not seek a stay, the Committee *might* be prejudiced in responding to the Debtors' argument that the appeal is equitably moot. By seeking a stay, the Committee has seemingly preserved its position.

Significantly, the Committee does not explain how a settlement with the retirees will irreparably harm its negotiation of a plan of reorganization. The Committee vaguely suggests that it is prejudicial to the unsecured creditors to give one group a guaranteed recovery. Since that group has rights that are different from those of the general unsecured creditors, the premise on which the Committee's argument is based is wrong. In any event, the Committee has not made any attempt to demonstrate that (i) giving the retirees a guaranteed recovery is any more "prejudicial" than paying them cash (which the Committee concedes the Debtors could do), and (ii) it could not negotiate a plan of reorganization in the face of consummated settlements with the retirees.[1]

---

[1] The Court was informed at a hearing on June 20, 2006 that negotiations on a plan are moving ahead and that the Debtors are likely to be able to file a plan in the next 60 days.

4

### **(iii) Injury to the Debtors and the retirees**

By contrast, a stay would significantly harm the Debtors and the retirees. As the Debtors note in their objection to the stay, the Settlements provide relief to the Debtors from their obligation to make very substantial retiree health payments on July 1, 2006. As the Court noted in its Opinion, the effect of such termination results in substantial and immediate cash savings for the Debtors that can only benefit their estates and creditors. (Opinion at 6, 11.) The timing of the termination of the Debtors' prior obligation to provide retiree health benefits is a critical component of the Settlements, and any delay would undermine effectuation of the Settlements. Further, a grant of the stay would complicate the Debtors' ongoing efforts to secure exit financing, which in turn, would hinder the Debtors' efforts to emerge from bankruptcy. This prospect would harm all parties in interest.

In addition, the retirees would be adversely affected if the Court granted the stay. The Debtors have taken substantial steps toward consummation of the Settlements, including (i) the sending of numerous letters, forms and notices to affected retirees explaining the Settlements, the VEBA plans and their impact on Medicare Part D coverage, and (ii) the fielding over 1,200 telephone calls and emails from retirees regarding the benefit changes and the retirees' options for future coverage. As the Debtors correctly note, these steps and others cannot be undone and the expenses incurred cannot be recouped. To alter the process at this late date, on no prior notice to the individual retirees, would preclude one of the elements of the settlement, a smooth transition, and would create great uncertainty

5

with respect to the retirees' receipt of the replacement benefits provided for in the Settlements.  What should a retiree do if he or she has obtained other medical coverage and is now told that the settlement is on hold?

In analyzing the balance of the harms, the Committee's own action and inaction is telling.  The governing statute, § 1114 of the Bankruptcy Code, requires that a proposal to alter retirement benefits should be based "on the most complete and reliable information available at the time of such proposal."  11 U.S.C. § 1114(f).  Section 1114 contains no language that suggests that such a proposal can only be made or a settlement based thereon consummated after a plan of reorganization has been formulated.  At the trial on the § 1114 issues and those arising under the related provisions of § 1113 of the Bankruptcy Code, there was no contention by the unions or the Retiree Committee that it was premature to raise the issues relating to retirement benefits because a plan of reorganization had not yet been formulated by the Debtors and the retirees did not know for certain what others were getting.  The Committee made no such argument, supported the Debtors' motion and fully participated in the briefing, trial and subsequent conferences relating to the § 1113/1114 Motions.  In light of all of the prior proceedings, which the Committee supported, it is highly inequitable for the Committee now to contend that a settlement is premature and should be put on hold until a plan is negotiated.  The Committee's position is particularly inequitable in view of the fact that it delayed seeking a stay until the eve of consummation of a settlement that has been projected for months.

**(iv) The public interest**

Finally, the public interest would also be adversely affected by a stay. The "public interest favors the expedient administration of the bankruptcy proceedings." *In re Savage & Assocs., P.C.*, 2005 WL 488643, at *2 (S.D.N.Y. 2005). Indeed, compromises are favored in bankruptcy precisely for the reason that they "minimize litigation and expedite the administration of a bankruptcy estate." *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996). As the Court noted in its Opinion, the litigation posed "significant risks for both sides," and the Settlements brought to a close a complex negotiation process. To freeze or undo the Settlements at this point might require the Debtors, the Retiree Committee and the Milwaukee Unions to start the time-consuming § 1114 process again, and it would disrupt ongoing § 1113 negotiations and the Debtors' ability to resolve other major issues in the Chapter 11 cases. The Committee's request for a stay is denied.

**IT IS SO ORDERED.**

Dated: New York, New York
       June 28, 2006

                                        */s/ Allan L. Gropper*
                                        UNITED STATES BANKRUPTCY JUDGE

7